**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEXTER WAYNE BETTS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 14-cv-6827 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, the Court denies Petitioner's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 [1] on the ground that the petition is time-barred under the one-year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2), and directs the Clerk to enter judgment in favor of the United States.

**I.    Background**

In September 2008, Petitioner Dexter Betts pled guilty to one count of distributing in excess of 50 grams of crack cocaine and was sentenced to 140 months in prison. See *United States v. Betts*, Case No. 06-cr-699-3, Dkt. 209. At Petitioner's sentencing hearing, Judge Coar found that the substance at issue was indeed crack cocaine (as charged), and not cocaine base (as Petitioner alleged). This finding triggered a 10-year mandatory minimum sentence for Petitioner. Petitioner appealed his conviction to the Seventh Circuit, arguing that the District Court erred in determining that the substance at issue was crack cocaine and that the 10-year mandatory minimum therefore applied. *United States v. Betts*, 2009 WL 927862 (7th Cir. 2009). On August

12, 2009, the Seventh Circuit affirmed Petitioner's sentence. *United States v. Betts*, 576 F.3d 738 (7th Cir. 2009). Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on December 14, 2009. *Betts v. United States*, 558 U.S. 1092 (2009).

On August 25, 2014, Petitioner filed his § 2255 motion in this Court, arguing that his Sixth Amendment rights were violated when the District Court found, only by a preponderance of the evidence, that the substance at issue in his offense was crack cocaine (and not cocaine base). Petitioner argues that although Judge Coar's fact-finding procedure that led to the triggering of the 10-year mandatory minimum was lawful under the then-controlling opinion of *Harris v. United States*, 536 U.S. 545 (2002), the Supreme Court overruled *Harris* on June 17, 2013 in *Alleyne v. United States*, holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).

## II. Analysis

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (stating that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal").

2

The Government contends that Petitioner's motion is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, a § 2255 motion must be filed within one year of: (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner filed his § 2255 motion approximately five years after his conviction became final,[1] making it untimely under subsection (1) of § 2255(f), and he does not allege a government-created impediment to filing or the late discovery of any facts supporting his claims. Rather, Petitioner invokes subsection (3) and contends that the right upon which he relies was only recently recognized by the Supreme Court, citing the June 17, 2013 opinion of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Petitioner's argument is unavailing for two reasons.

First, in order to benefit from a right subsequently recognized by the Supreme Court, the Supreme Court must affirmatively recognize the retroactive applicability of that right. 28 U.S.C. § 2255(f)(3); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("But the decision is the Supreme Court's, not ours, to make."). As of now, the Supreme Court has not made *Alleyne*

---

[1] In the context of post-conviction relief, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Robinson v. United States*, 416 F.3d 645, 647–48 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). Here, the Supreme Court denied Petitioner's petition for writ of certiorari in December 2009, and Petitioner filed his § 2255 motion on August 25, 2014, approximately five years later.

3

retroactive to cases on collateral review. *Simpson*, 721 F.3d at 876 (predicting that the Supreme Court 'will not declare *Alleyne* to be retroactive" and that, unless and until it does, the Seventh Circuit would not apply *Alleyne* retroactively); *United States v. Miller*, 542 F. App'x 526, 528 (7th Cir. 2013) (same); *Susinka v. United States*, 19 F. Supp. 3d 829, 839–40 (N.D. Ill. 2014) (refusing to apply *Alleyne* retroactively, even under the *Teague* standard that allows for retroactive application of substantive, watershed rules of criminal procedure that implicate the fundamental fairness and accuracy of a criminal proceeding (citing *Teague v. Lane*, 489 U.S. 288, 311 (1989))). Accordingly, Petitioner cannot rely on *Alleyne* to cure the untimeliness of his § 2255 motion.

Second, even if *Alleyne* did apply retroactively, Petitioner's motion would still be untimely. Specifically, *Alleyne* was decided on June 17, 2013, meaning that in order to fall within the one-year limitations period, Petitioner's motion was due on or before June 17, 2014. See 28 U.S.C. § 2255(f) (setting the limitations period at one year). Petitioner filed his motion on August 25, 2014, more than two months after the one-year deadline.

That leaves equitable tolling. A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). It is a petitioner's burden to establish both of these points. See *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The realm of equitable tolling is a "highly fact-dependent area" in which courts are expected to employ "flexible standards on a case-by-case basis." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). That said, tolling is rare; it is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (citation and alterations omitted). Petitioner does not

argue for equitable tolling, and nothing in the record suggests that Petitioner pursued his rights diligently yet was thwarted by some "extraordinary circumstance" that prevented him from complying with the limitations period set forth in § 2255. See *Holland*, 544 U.S. at 649. Neither his *pro se* status nor his unfamiliarity with the intricacies of habeas law (of which there admittedly are many) constitutes an "extraordinary circumstance." See *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). The Court concludes that equitable tolling is not warranted here.

Because Petitioner's motion is untimely, the Court need not consider Respondent's alternative arguments for dismissal.

### III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that reasonable jurists would find the Court's assessment of his § 2255 claims debatable or wrong. *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ on whether his claims are time-barred. The limitations period for § 2255 claims is indisputable, and regardless, the Seventh Circuit has concluded that *Alleyne* does not apply retroactively. See *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IV.     Conclusion**

For these reasons, the Court denies Petitioner's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 [1]. The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: June 25, 2015                                      _____
                                                                          Robert M. Dow, Jr.
                                                                          United States District Judge

6